UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS A. CENSKE,

     Plaintiff,

v.                                                                    Hon. Sally J. Berens

COMMISSIONER OF                                      Case No. 2:20-cv-180
SOCIAL SECURITY,

     Defendant.

_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security suspending Plaintiff's Disability Insurance Benefits (DIB) due to a period of incarceration. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff's benefits were properly suspended from October 20, 2009, through December 1, 2011. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

## Standard of Review

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts, and those findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

### Procedural Posture

Plaintiff was awarded DIB in April 1996. (PageID.85.) His benefits have since been suspended twice due to two periods of incarceration, the first from February 2004 to April 2008, and the second from October 1, 2009 to December 31, 2017. (PageID.132, 165–66.) The second

time, the Social Security Administration (SSA) originally suspended Plaintiff's benefits effective July 2009. However, it subsequently determined that Plaintiff's conviction did not occur until October 20, 2009, when he was sentenced, and revised the suspension to begin in October 2009. (PageID.132–33, 156–57.) On January 6, 2020, the SSA sent Plaintiff a notice of overpayment which did not reflect the correction of the overpayment from July to September 2009. On February 16, 2010, Plaintiff filed a request for reconsideration of the overpayment notice. (PageID.85, 134, 137.) On January 29, 2011, the SSA issued a notice of reconsideration adjusting the start date of the suspension from July 2009 to October 2009. (PageID.156–58.)

On August 6, 2012, the SSA issued another notice of reconsideration referring to a request for reconsideration dated July 17, 2012. This notice dismissed the appeal based on *res judicata*, as it determined that Plaintiff was appealing a suspension of benefits that he had previously appealed. (PageID.159–60.) Plaintiff submitted a request for rehearing on August 13, 2012. The SSA overlooked this request and did not discover it until September 2016. (PageID.164.) On December 1, 2018, and again on February 13, 2019, the SSA sent Plaintiff notices of a hearing scheduled for March 21, 2019. (PageID.176–81, 192–97.)

On March 21, 2019, Administrative Law Judge William Shenkenberg held a hearing on Plaintiff's request for rehearing. (PageID.93–113.) On April 3, 2019, the ALJ issued a written decision finding that the SSA correctly suspended Plaintiff's benefits from October 20, 2009, through December 1, 2011. However, the ALJ found that the SSA incorrectly suspended benefits from December 2, 2011, to May 24, 2012. (PageID.85–90.) The Appeals Council denied Plaintiff's request for review on July 26, 2020. (PageID.74–77.) Plaintiff initiated this action for judicial review on September 23, 2020.

**Analysis of the ALJ's Opinion**

A claimant who is confined in jail or prison for a felony conviction is generally not eligible to receive Social Security benefits. 42 U.S.C. §§ 402(x)(1)(A), 1382(e)(1); *see Sheffield v. Sec'y of Health & Human Servs.*, No. 92-5910, 1992 WL 366061, at *1 (6th Cir. Dec. 11, 1992). The applicable regulation provides, in relevant part:

> (a) General. No monthly benefits will be paid to any individual for any month any part of which the individual is confined in a jail, prison, or other penal institution or correctional facility for conviction of a felony. . . .
>
> (b) Felonious offenses. An offense will be considered a felony if—
>
>> (1) It is a felony under applicable law: or
>>
>> (2) In a jurisdiction which does not classify any crime as a felony, it is an offense punishable by death or imprisonment for a term exceeding one year.
>
> (c) Confinement. In general, a jail, prison, or other penal institution or correctional facility is a facility which is under the control and jurisdiction of the agency in charge of the penal system or in which convicted criminals can be incarcerated. Confinement in such a facility continues as long as the individual is under a sentence of confinement and has not been released due to parole or pardon. An individual is considered confined even though he or she is temporarily or intermittently outside of that facility (e.g., on work release, attending school, or hospitalized).

20 C.F.R. § 404.468.

The SSA's Program Operations Manual Systems (POMS) provides further guidance in applying the regulation.[1] Benefits are suspended when a beneficiary is convicted of a criminal offense and sentenced to a period of confinement in a correctional facility or institution and remains confined in a correctional facility or institution for more than 30 continuous days. POMS GN 02607.160(A)(1). Because sentences occur after a conviction, the sentence fulfills the statutory

---

[1] "[T]he POMS is a policy and procedure manual that employees of the Department of Health & Human Services use in evaluating Social Security claims." *Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989). While the POMS "does not have the force and effect of law, it is nevertheless persuasive." *Id.*

4

requirement that a court convict a beneficiary of a crime before benefits are suspended. When there is a delay between the conviction (following trial or by plea) and the sentence, the sentencing date is considered the conviction date. POMS GN 02607(A)(2)(b). Confinement begins on the date a United States correctional facility admits the beneficiary into custody after sentencing. POMS GN 02607(A)(3). A suspension of benefits is effective with the month (including any part of that month) a convicted beneficiary begins confinement after court sentencing. POMS GN 02607(A)(4).

POMS also addresses situations in which a convicted beneficiary appeals his conviction. Benefits remain suspended during the appeal if the claimant is in custody at a correctional institution. POMS GN 02607.200(A)(2). Benefits are not suspended if the beneficiary is no longer confined in the institution while the appeal is pending. *Id.* If the conviction is overturned and the beneficiary remains confined pending a new trial, benefits remain suspended until the court completes all legal proceedings in the case. POMS GN 02607.200(3)(b). If the beneficiary is released from confinement pending the new trial, benefits are reinstated effective the first full month after the beneficiary's release from the correctional institution. If, after the second trial and conviction, the court imposes a sentence which includes "time served" under the first conviction, benefits are not reinstated or repaid for the period already suspended for the first conviction. *Id.*

The ALJ first determined that Plaintiff's request for a hearing was timely and that *res judicata* did not bar Plaintiff's appeal. (PageID.88.) As for the suspension of Plaintiff's benefits from October 20, 2009, through December 1, 2011, the ALJ found:

> In this case, the claimant was convicted and sentenced in a felony case on October 20, 2009. There was a conviction and a sentence of incarceration, and the claimant was incarcerated thereafter. The criteria in GN 02607.160 were satisfied, and benefits were properly suspended from October 20, 2009 through December 1, 2011. The claimant remained incarcerated while he appealed this conviction. On December 2, 2011, the 6th Circuit Court of Appeals issued a decision upholding

5

the conviction, but vacating the sentence, and remanding the case to district court for resentencing. (Ex. 6). Because the claimant remained in custody at a correctional institution while he was appealing his conviction, the agency correctly suspended the claimant's benefits during this period. The claimant remained in custody during his appeal from his sentencing date of October 20, 2009 until the 6th Circuit Court of Appeals decision on December 2, 2011. (Ex. 6; Ex. 7; Testimony). Thus, the claimant's benefits were correctly suspended during this period.

The claimant's representative argued that a vacated sentence voids out the actual sentence imposed as if it had not occurred. The representative cites to Black's Law Dictionary for the meaning of a vacated sentence. Social Security policy does not state that a sentence was never imposed if it is vacated. In fact, if the claimant's entire conviction were overturned, policy would direct the undersigned to continue the claimant's benefit suspension pending his new trial while he remained in custody. Even though the sentencing was vacated on December 2, 2011, this sentence was in effect from October 20, 2009 through December 1, 2011, and the claimant remained incarcerated during this period of time.

(PageID.89.)

The ALJ also concluded that Plaintiff's benefits were incorrectly suspended from December 2, 2011, through May 24, 2012—the date of the new sentence. The ALJ reasoned that although Plaintiff's conviction remained valid and he remained incarcerated during this time, he no longer had a sentence until he was resentenced. Because SSA directs that the agency use the sentencing date as the conviction date when there is a delay in sentencing, benefits were improperly suspended during this period. (PageID.89.)

## Discussion

Plaintiff appeals the ALJ's determination that his benefits were properly suspended from October 20, 2019, through December 1, 2011. Having reviewed the ALJ's decision and the SSA's POMS statements, the Court concludes that the ALJ's decision was supported by substantial evidence and complied with the applicable legal criteria. Although POMS statements are not controlling, they are persuasive. *See Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989). Moreover, the SSA's interpretation of the applicable regulation, 20 C.F.R. §

404.468, is not "plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997). The ALJ reasonably applied the POMS statement to the pertinent facts, noting that only Plaintiff's sentence had been vacated. Thus, his conviction remained valid. The ALJ further noted that, had Plaintiff's entire conviction been vacated, as opposed to only his sentence, the agency would have been required to continue the suspension of benefits pending a new trial while Plaintiff remained in custody. Because Plaintiff was incarcerated under a sentence during the pertinent time, his benefits were properly suspended.

Plaintiff's essential argument is that, once the Sixth Circuit vacated his sentence, his status changed from that of a lawfully convicted prisoner to that of detainee awaiting a sentence. (ECF No. 23 at PageID.303–05.) The cornerstone of his theory is the argument his counsel put forth at the administrative level, *i.e.*, that the Sixth Circuit's judgment vacating the sentence rendered the sentence void *ab initio*, meaning that there was never a triggering event under the SSA's policy to suspend Plaintiff's benefits in the first place. But as the ALJ indicated in his decision, this argument is meritless because the SSA's policy does not state that a vacated sentence shall be treated as if it had never been imposed. Under the policy, the October 20, 2009 sentence triggered the suspension of benefits, which remained suspended during the appeal because Plaintiff remained incarcerated. Nothing in the policy indicates that a vacated sentence retroactively invalidates a previous valid suspension of benefits.

Therefore, Plaintiff fails to demonstrate any error in the ALJ's decision.

## Conclusion

For the reasons stated above, the Commissioner's decision is **affirmed**.

An order consistent with this opinion will enter.

Dated: June 22, 2022                                          /s/ Sally J. Berens
                                                             SALLY J. BERENS
                                                             U.S. Magistrate Judge